IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALCUIN MITCHELL, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 19-525 |
| UNIVERSITY OF PITTSBURGH, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

**I.      BACKGROUND**

Presently before the Court is Defendant's Motion for Leave to File Under Seal Memorandum, Concise Statement of Material Facts, and Appendix in Support of Motion for Summary Judgment. (Doc. No. 77). Pursuant to the Court's Order dated July 27, 2021, Defendant filed a Supplemental Brief in Support of its Motion for Leave to File Under Seal. (Doc. No. 85). Furthermore, Defendant supplied the Court with unredacted copies of each of the filings at issue (Doc. Nos. 79, 80, 81), and the Court has conducted an *in camera* inspection of those unredacted documents. Plaintiff does not oppose Defendant's Motion which is now ripe for decision. The Motion will be granted for the reasons explained below.

Defendant's Motion seeks to seal from public access a very limited amount of materials supporting its motion for summary judgment that specifically relate to personally identifying information regarding nonparty officers of Defendant's police department. The information sought

to be redacted from public access includes: the police officers' dates of birth,[1] the grounds for unrelated promotion decisions,[2] the details of officers' performance reviews,[3] the details of one officer's performance issue,[4] the details regarding unfounded accusations lodged against one specific officer,[5] and the details of one officer's conduct and related disciplinary decisions.[6] Defendant contends that these specific items involve either personal identifiers that could be misused for purposes such as identify theft, or sensitive and personal information that its nonparty employees have an interest in keeping private.

## II.    APPLICABLE STANDARDS AND FINDINGS

The public has a right to access certain judicial records and proceedings pursuant to common law and the First Amendment to the United States Constitution. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). The public's common law right to access judicial records (*i.e.*, documents filed with the court and documents that are incorporated in the court's adjudicatory proceedings) is presumed. *Id.* at 670 (citing *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192-93 (3d Cir. 2001)). This common law right of access "promotes public confidence in the judicial system"; "diminishes possibilities for injustice, incompetence, perjury, and fraud"; and "provide[s] the public with a more complete understanding

---

[1] Defendant's Concise Statement of Material Facts ("CSMF") (Docket No. 80, ¶ 66); Defendant's Appendix in Support of Motion for Summary Judgment ("App.") (Docket No. 81 at 201-03).

[2] Defendant's Memorandum in Support of Motion for Summary Judgment ("Memorandum") (Docket No. 79 at 8); CSMF, ¶ 69; App. at 79-80, 128, 210.

[3] App. at 86-87, 133-34.

[4] App. at 106-08.

[5] App. at 106, 110.

[6] Memorandum at 16; CSMF, ¶¶ 77-78; App. at 97-99, 156-59, 197, 217, 232.

of the judicial system and a better perception of its fairness." *Id.* at 677 (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

However, this "common law right of access is 'not absolute.'" *Avandia*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). While the kinds of information courts protect from disclosure is narrow, courts do protect from disclosure personal information that could potentially be used by the public for improper purposes such as identity theft or where a nonparty's interests in keeping certain information private outweighs the public's interest in access. *Akan v. Summers*, Civ. No. 17-89, 2019 WL 6270992, at *2 (W.D. Pa. Nov. 25, 2019) (*citing Onex Credit Partners, LLC v. Atrium 5 LTD.*, Civ. No. 13-5629 (JMV), 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) (sealing documents because they contain personal and private information of the party-employer's nonparty employee); *see also Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984)); *Cutsforth, Inc. v. Lemm Liquidating Co., LLC*, Civ. No. 17-1025, 2020 WL 772442 at *2-3 (W.D. Pa. Feb. 18, 2020). Moreover, the local rules of this Court specifically provide for the redaction and potential filing under seal of such "personal identifiers" such as dates of birth. *See* LCvR 5.2 D and E.

The party seeking to seal any part of a judicial record bears the burden of showing that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 560 (W.D. Pa. 2014) (citations omitted). The party seeking closure must show "that the interest in secrecy outweighs the presumption." *Id.* (quoting *Bank of Am.*, 800 F.2d at 344). In doing so, the moving party must establish that "the material [sought to be sealed] is the kind of information that courts will protect and that disclosure will work a clearly defined

and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Moreover, the injury must be shown with specificity. *Id.* (citing *Publicker*, 733 F.2d at 1071). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* (quoting *In re Cendant Corp.*, 260 F.3d at 194).

When deciding to seal judicial records,[7] the district court must articulate "compelling, countervailing interests to be protected" through specific findings on the record concerning the effects of disclosure. *Avandia*, 924 F.3d at 672, 678. Here, the Court examined unredacted versions of the pleadings at issue and notes that these documents contain individually named nonparties' dates of birth that must be redacted pursuant to LCvR 5.2 D. The Court further notes that these documents contain private and sensitive personal information regarding certain identified police officers who are not parties here but who are employed by Defendant. Based upon the record before the Court at this stage of the litigation, and based upon the individualized analysis of each proposed redaction or seal request as specified *supra*, the Court finds that the Defendant's interest in maintaining the confidentiality of these materials outweighs the public presumption of access to these materials. Accordingly, the Court finds that Defendant's request to seal these unredacted filings meets the applicable common law standard for doing so.

---

[7] An analysis for preserving the confidentiality of discovery materials through a protective order under Federal Rule of Civil Procedure 26 is conducted using the *Pansy* factors. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *see also Avandia*, 924 F.3d at 671. Some of the *Pansy* factors may provide guidance for a common law right of access analysis, but the *Pansy* factors do not displace the common law standard. *Avandia*, 924 F.3d at 676. The *Pansy* factors are as follows: "1. whether disclosure will violate any privacy interests; 2. whether the information is being sought for a legitimate purpose or for an improper purpose; 3. whether disclosure of the information will cause a party embarrassment; 4. whether confidentiality is being sought over information important to public health and safety; 5. whether the sharing of information among litigants will promote fairness and efficiency; 6. whether a party benefitting from the order of confidentiality is a public entity or official; and 7. whether the case involves issues important to the public." *Id.* at 671. However, some of the *Pansy* factors, including factors two and three, are inconsistent with the standard of the common law right of access. *Id.* at 676-77.

The Court must now determine whether this information should also remain sealed under the First Amendment right of access. When the First Amendment right attaches, "[a]ny restriction on the right of public access is evaluated under strict scrutiny" and a party may only rebut the presumption in favor of access by "demonstrate[ing] an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Avandia*, 924 F.3d at 673 (citation omitted). The party seeking to seal the information, Defendant here, "bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *Publicker*, 733 F.2d at 1071.

Again, the record before the Court reflects that the above-referenced excerpts of Defendant's Memorandum, Concise Statement of Material Facts, and Appendix in Support of Motion for Summary Judgment contain private, sensitive, and personal information of nonparty employees that is of the kind that courts will protect. *See e.g., Onex*, 2017 WL 4284490, at *3. Moreover, the Court also finds good cause for sealing unredacted versions of these filings because of the potential harm public access to those materials would bear upon Defendant's nonparty employees. Finally, the Court finds that sealing these specific references is narrowly tailored to serve that interest.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File Under Seal (Doc. No. 77) will be granted, and Defendant shall re-file under seal the unredacted versions of its Memorandum, Concise Statement of Material Facts, and Appendix in Support of Motion for Summary Judgment.

An appropriate order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date: August 6, 2021

cc/ecf:  All counsel of record